IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 08-07-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| ELAINE BESTON, | |
| Defendant. | |

## I. Synopsis

Defendant Elaine Beston (Beston) has been accused of violating the conditions of her supervised release. Beston admitted all of the alleged violations. Beston's supervised release should be revoked. Beston should be placed in custody for 11 months, with 109 months of supervised release to follow. Beston should serve the first 2 months of supervised release at an inpatient drug treatment facility selected by the United States Probation Office. Beston should receive credit for time served in federal custody.

## II. Status

Beston pleaded guilty to Conspiracy to Possess Methamphetamine with Intent to Distribute on September 28, 2011. (Doc. 54). The Court sentenced

Beston to 192 months of custody, followed by 10 years of supervised release. (Doc. 96). Beston's current term of supervised release began on May 25, 2018. (Doc. 162 at 1).

**Petition**

The United States Probation Office filed an Amended Petition requesting that the Court revoke Beston's supervised release on July 10, 2019. (Doc. 169). The Amended Petition alleged that Beston violated the conditions of her supervised release: 1) by failing to report for substance abuse treatment on two separate occasions; 2) by failing to report for substance abuse testing; 3) by failing to participate in substance abuse testing; 4) by using methamphetamine; 5) by committing another crime; 6) by possessing a controlled substance; and 7) by knowingly communicating with a person engaged in criminal activity.

**Initial appearance**

Beston appeared before the undersigned for her initial appearance on July 11, 2019. Beston was represented by counsel. Beston stated that she had read the petition and that she understood the allegations. Beston waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 6, 2019. Beston admitted that she had violated the conditions of her supervised release: 1) by failing to report for substance abuse treatment on two separate occasions; 2) by failing to report for substance abuse testing; 3) by failing to participate in substance abuse testing; 4) by using methamphetamine; 5) by committing another crime; 6) by possessing a controlled substance; and 7) by knowingly communicating with a person engaged in criminal activity. The violations are serious and warrant revocation of Beston's supervised release.

Beston's violations are Grade C violations. Beston's criminal history category is III. Beston's underlying offense is a Class A felony. Beston could be incarcerated for up to 60 months. She could be ordered to remain on supervised release for up to 120 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Beston's supervised release should be revoked. Beston should be incarcerated for 11 months, with 109 months of supervised release to follow. Beston should serve the first 2 months of supervised release at an inpatient drug treatment facility selected by the United States Probation Office. The supervised

release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Beston that the above sentence would be recommended to Judge Morris. The Court also informed Beston of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Beston that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Beston stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

> That Elaine Beston violated the conditions of her supervised release by failing to report for substance abuse treatment on two separate occasions, by failing to report for substance abuse testing, by failing to participate in substance abuse testing, by using methamphetamine, by committing another crime, by possessing a controlled substance, and by knowingly communicating with a person engaged in criminal activity.

The Court **RECOMMENDS:**

> That the District Court revoke Beston's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of 11 months, with 109 months of supervised release to follow. Beston should serve the first 2 months of supervised release at an inpatient drug treatment facility selected by the United States Probation Office. Beston should receive credit for time served in federal custody.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 7th day of August, 2019.

John Johnston
United States Magistrate Judge