IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELAINE BESTON,<br><br>Defendant. | CR 08-07-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Elaine Beston (Beston) has been accused of violating the conditions of her supervised release. Beston admitted all of the alleged violations. Beston's supervised release should be revoked. Beston should be placed in custody for 6 months, with 103 months of supervised release to follow.

## II. Status

Beston pleaded guilty to Conspiracy to Possess Methamphetamine with Intent to Distribute on September 28, 2011. (Doc. 54). The Court sentenced Beston to 192 months of custody, followed by 10 years of supervised release. (Doc. 96). Beston's current term of supervised release began on May 18, 2020. (Doc. 193 at 2).

**Petition**

The United States Probation Office filed a Petition on October 27, 2022, requesting that the Court revoke Beston's supervised release. (Doc. 193). The Petition alleged that Beston violated the conditions of her supervised release: 1) by failing to report for substance abuse treatment; 2) by failing to report to her probation officer as directed; and 3) by knowingly associating with a convicted felon.

**Initial appearance**

Beston appeared before the undersigned for her initial appearance on December 19, 2022. Beston was represented by counsel. Beston stated that she had read the petition and that she understood the allegations. Beston waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 19, 2022. Beston admitted that she had violated the conditions of her supervised release: 1) by failing to report for substance abuse treatment; 2) by failing to report to her probation officer as directed; and 3) by knowingly associating with a convicted felon. The violations are serious and warrant revocation of Beston's supervised

release.

Beston's violations are Grade C violations. Beston's criminal history category is III. Beston's underlying offense is a Class A felony. Beston could be incarcerated for up to 60 months. Beston could be ordered to remain on supervised release for up to 109 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Beston's supervised release should be revoked. Beston should be incarcerated for 6 months, with 103 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Beston that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Beston of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Beston that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Elaine Beston violated the conditions of her supervised release: by failing to report for substance abuse treatment; by failing to report to her probation officer as directed; and by knowingly associating with a convicted felon.

The Court **RECOMMENDS:**

That the District Court revoke Beston's supervised release and commit Beston to the custody of the United States Bureau of Prisons for 6 months, with 103 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 20th day of December, 2022.

John Johnston
United States Magistrate Judge